# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3454 | **DATE** | 9/7/2004 |
| **CASE TITLE** | DIRECTV, INC. vs. STEVEN PICKERT | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendant's second motion to compel is granted in part and denied in part. Plaintiff must supplement its responses to defendant's interrogatories and requests. No attorney's fees are to be awarded.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | Document Number |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | SEP 8 - 200 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 49 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

2004 SEP -7 PM 4: 00

FILED

**DOCKETED**

SEP 8  2004

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.  03 C 3454 |
| | ) |
| STEVEN PICKERT, | ) |
| | ) |
| Defendant. | ) |

SEP 8 - 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc. brought this action against defendant Stephen Pickert alleging federal statutory violations and conversion for intercepting satellite signals with a decoding device. Defendant now brings his second motion to compel complete responses to his discovery requests.   After defendant filed his first motion to compel, plaintiff submitted amended answers to defendant's interrogatories and request for production. Defendant argues that these amended answers are deficient.  He maintains that plaintiff's objections are improper and unsupported, and complete responses are not provided.  As relief, defendant requests that the court dismiss the case or, in the alternative, order plaintiff to provide complete responses and award defendant reasonable attorneys' fees and expenses.  Defendant's motion is granted in part and denied in part.

In its amended responses, plaintiff provided the following information.  In late February 2000, defendant purchased a DIRECTV system from a Radio Shack in Yorkville, Illinois, and informed the store that his address was 1641 Waterford Road, North Aurora, Illinois 60542, and his telephone number was (630) 879-0580. After purchasing the equipment, defendant never activated a DIRECTV account in his name, nor was an account opened for

49

that address. DIRECTV has purchase records indicating that on February 20, 2001, defendant ordered access devices, "two Cobalt Emulators and two MK2 Unloopers with SU2 code," from a Canadian distributer. The distributer shipped the devices to defendant at 40W980 Seavey Rd., Sugar Grove, Illinois 60554. The following month, defendant ordered two more MK2 Unloopers with SU2 Code from the same distributor, which were also shipped to Pickert's Sugar Grove address.

DIRECTV informed defendant that there are four people who have information on the shipment of access devices to him, and his receipt of them: Mark McHugh, operator of the Canadian distributor that supplied the devices; Scott Madvig, operator of the shipping facility that mailed the devices to defendant; Lance McGlothin, a FedEx representative; and defendant. DIRECTV identified these four witnesses in response to many of defendant's interrogatories regarding individuals who have information on defendant's use of the devices. DIRECTV also informed defendant of records from ICG, Inc., establishing his membership in an internet forum dedicated to discussions of piracy of satellite television programming. In response to several interrogatories concerning individuals who may have information regarding defendant's alleged piracy of satellite programming, DIRECTV stated that residents or visitors to defendant's home may be aware of his activities. The only resident or visitor of which plaintiff indicated specific knowledge is Barbra Ferrill, who opened a DIRECTV account at defendant's Sugar Grove address and phone number on September 14, 2003, after this suit was filed.

Following defendant's filing of his second motion to compel, plaintiff supplemented its Rule 26(a)(1) disclosure of individuals who may have relevant discoverable information and the nature of their information. Plaintiff also filed its Rule 26(a)(2) disclosures on expert

witnesses. In its response to defendant's motion, plaintiff updated its responses to numerous interrogatories to reflect these new filings. Plaintiff noted that its objections to several of defendant's interrogatories for prematurely seeking information on experts were now moot. DIRECTV listed its two experts, Michael Barr and William Gatliff, as witnesses with opinions on a variety of issues addressed in defendant's interrogatories. Plaintiff also updated its information on ICG, Inc., the company that provided documents evidencing defendant's membership in a piracy forum. Plaintiff's responses now included the names of ICG, Inc.'s operators, Lacey Walker, Michael Stoabs, and Jim Emerson.

Defendant argues that even after plaintiff's amended responses and supplemental filings, it has failed to cure its incomplete discovery responses. First, defendant maintains that plaintiff's objections are often improper and preclude defendant from determining whether plaintiff's responses are complete. Though plaintiff objected to many interrogatories to the extent they prematurely called for information on expert witnesses, its amended responses proceeded to answer the questions and included a statement that any expert reports filed would supplement its response. Plaintiff's approach to this issue was neither unreasonable nor confusing. Furthermore, now that plaintiff has filed its Rule 26(a)(2) disclosures on expert witnesses, this issue is moot. As plaintiff has provided its list of witnesses and expert witnesses, defendant's arguments regarding interrogatories nos. 26 and 27 are also moot. However, plaintiff must answer interrogatory no. 25, to which it provided no response in its amended responses. All other arguments regarding plaintiff's objections are without merit.

Defendant also claims that plaintiff's Rule 26(a)(1) disclosures fail to remedy the deficiencies in its responses because the disclosures are incomplete and do not correspond with specific interrogatories. Rule 26 of the Federal Rules of Civil Procedure requires parties to

disclose the names, addresses and telephone numbers, if known, of individuals likely to have discoverable information. The party must also state the nature of the individual's pertinent information. Plaintiff's disclosures satisfy these requirements. While plaintiff's disclosures do not include individuals' occupations or home addresses, this information is not required.

As defendant highlights, many of the names that appear on plaintiff's disclosure list do not appear in plaintiff's amended responses to defendant's interrogatories. This may be because plaintiff did not know of these individuals at the time it created its amended responses or because none of these individuals has information related to defendant's interrogatories, most of which ask plaintiff to identify people who have information specific to the defendant. It just may be, as defendant's attorney surmised in a letter to opposing counsel (attached to defendant's Second Motion to Compel as Exhibit C), that "most or all [of plaintiff's] evidence will be circumstantial." However, if individuals listed in plaintiff's supplemental disclosures should have been included in response to any of defendant's interrogatories, then plaintiff must inform defendant.

Finally, defendant argues that documents, which plaintiff references, have not been produced or properly identified. Defendant cites three records that have been discussed but not produced: defendant's DIRECTV account history (referenced in plaintiff's first response to defendant's interrogatory no.1); defendant's purchase of DIRECTV equipment from Radio Shack; and defendant's membership in internet forums on piracy. None of these examples supports defendant's contention that plaintiff has failed to produce requested documents. Plaintiff's amended response to interrogatory no.1 makes no claim that defendant had a DIRECTV account history, so it appears no such record exists. As for both defendant's purchase from Radio Shack and his involvement with internet forums on piracy, documents

were produced that appear to relate to those allegations. However, neither the document

containing a "Forum Summary" (attached to plaintiff's amended response to requests for

production and inspection) nor the strip of information indicating Pickert purchased

DIRECTV satellite equipment at Radio Shack (attached to plaintiff's supplemental

disclosures) gives any indication where the documents came from or who created them.

Plaintiff must provide defendant with some context for these documents. Plaintiff must also

produce the CD-ROM of documents and exhibits that it refers to in its amended response to

defendant's request for production and in its response to defendant's second motion to compel,

if defendant does not have a copy.

## CONCLUSION

Defendant's second motion to compel is granted in part and denied in part. Plaintiff

must supplement its responses to defendant's interrogatories and requests as described above.

No attorney's fees are to be awarded.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____ Sept. 7 , 2004.